**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ernest Watson, | No. CV-24-00469-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| Financial Center First Credit Union, | |
| Defendant. | |

Plaintiff Ernest Watson had a banking relationship with Defendant Financial Center First Credit Union. Watson filed a complaint in state court against Financial Center that cited numerous federal statutes. Based on those references to federal law, Financial Center removed the case to federal court. Watson then seemed to abandon his original complaint by filing two motions for leave to file an amended complaint. The proposed amended complaint would be subject to dismissal and Watson could not amend to state any plausible claims for relief. Therefore, the original complaint is dismissed, the pending motions to amend are denied, and the case is dismissed without prejudice.

## I.    Background

Watson's original complaint alleged Financial Center refused to honor a "Tender of Payment" Watson sent regarding his accounts. According to the original complaint, on an unidentified date Watson informed Financial Center that "all money they have received leading up until last year of November 2023 was not lawful money." (Doc. 1-1 at 11.) Around that same time, Watson had demanded all communications with him be conducted

by Financial Center's Chief Financial Officer but that demand was ignored. Based on these events, Watson's complaint alleged Financial Center had violated the Truth in Lending Act, sections 16 and 29 of the Federal Reserve Act, the Bill of Exchange Act, the Cestui Que Vie Act,[1] and 12 U.S.C. § 1431 (a statute that outlines the "[p]owers and duties of banks").

After removing the case to federal court, Financial Center filed a motion to dismiss. (Doc. 5.) That motion argued Watson appeared to be "a member of the sovereign citizen extremist movement" and the complaint was a "labyrinth of nonsensical allegations and scattered legal terms used entirely out of context to invoke . . . sovereign citizen concepts." (Doc. 5 at 1.) Financial Center also argued the complaint lacked any plausible allegations supporting claims under the Truth in Lending Act and none of the other laws cited in the complaint can be enforced by a private individual. Watson filed a response opposing dismissal and disclaiming any affiliation with the sovereign citizen movement.

Before the court could rule on the motion to dismiss, Watson filed two almost-identical motions to amend his complaint. (Doc. 22, 24.) Those motions explained Watson wished to amend his complaint to remove certain claims and add "new legal arguments and applicable laws." (Doc. 22 at 2.) In connection with those motions Watson filed a "Proposed First Amended Complaint." (Doc. 23.) That document indicated Watson no longer wished to pursue claims under the Federal Reserve Act, Bill of Exchange Act, or the Cestui Que Vie Act.[2] (Doc. 23 at 2.) Instead of those claims, Watson wished to pursue the following "claims":

---

[1] The Cestui Que Vie Act of 1666 was passed by the English Parliament and provided "that a person is dead if there is no 'sufficient and evident proofe' that the person is still alive, for instance if a person is lost at sea." *United States v. Nissen*, 555 F. Supp. 3d 1174, 1183 (D.N.M. 2021) (quoting Cestui Que Vie Act, 1666, 18 & 19 Car. 2, c.11 (text available at https://www.legislation.gov.uk/aep/Cha2/18-19/11). References to the Cestui Que Vie Act are often made by individuals identifying themselves as "sovereign citizens." *Wood v. United States*, 161 Fed. Cl. 30, 34 (2022).

[2] The proposed amended complaint is not consistent when identifying which claims Watson wishes to pursue. It seems to state Watson does not wish to pursue claims for breach of contract, breach of fiduciary duties, "non-performance," Truth in Lending Act, or breach of confidentiality. (Doc. 23 at 2.) However, some of those claims are listed in the proposed amended complaint as "New Claims." (Doc. 23 at 3.)

- Violation of state consumer protection laws;
- UCC § 3-104;
- 15 U.S.C. §§ 6801, 6802;
- 15 U.S.C. §§ 1601, 1602, 1605, 1615;
- Breach of confidentiality;
- "Non-acceptance"; and
- Breach of contract

(Doc. 23 at 2-3.)

Financial Center opposed the motions to amend. According to Financial Center, allowing amendment would be futile because the proposed amended complaint was "nothing more than unsupported conclusions" without factual allegations that might support claims under the laws Watson listed. (Doc. 25 at 2.) Watson did not file a reply.

**II.    Analysis**

Watson's motions to amend his complaint state he no longer wishes to pursue most of the claims he asserted in his original complaint. (Doc. 23 at 2.) Because Watson has effectively abandoned the original complaint, that complaint is dismissed and the motion to dismiss aimed at that complaint is denied as moot. The issue is therefore whether Watson should be allowed to file his proposed amended complaint.

In general, "[t]he court should freely give leave" to amend a complaint. Fed. R. Civ. P. 15(a)(2). But leave to amend is not appropriate when "'the amended complaint would be subject to dismissal.'" *Californians for Renewable Energy v. California Pub. Utilities Comm'n*, 922 F.3d 929, 935 (9th Cir. 2019) (quoting *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991)). That is the situation here.

A complaint is subject to dismissal unless it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted)). This is not a "probability requirement," but a requirement that the factual allegations show "more than a sheer possibility that a defendant has acted

1   unlawfully." *Id.* A claim is facially plausible "when the plaintiff pleads factual content that

2   allows the court to draw the reasonable inference that the defendant is liable for the

3   misconduct alleged." *Id.* "[D]etermining whether a complaint states a plausible claim is

4   context specific, requiring the reviewing court to draw on its experience and common

5   sense." *Id.* at 663–64.

6        Watson's proposed amended complaint contains a single factual allegation:

7   "Plaintiff alleges that defendant did not apply or accept [a] negotiable instrument." (Doc.

8   23 at 2.) There are no allegations explaining what "negotiable instrument" Watson is

9   referencing, nor are there allegations explaining why that instrument was valid, when

10  Watson sent it to Financial Center, or what happened after Financial Center received it.

11  Although Watson was not required to provide comprehensive factual details regarding the

12  basis for his claims, he needed to allege significantly more than a single sentence. The

13  absence of meaningful factual allegations means the current proposed amended complaint

14  would be subject to dismissal. Therefore, the motion to amend is denied. Watson is denied

15  leave to file another complaint because, under the laws Watson invokes, additional facts

16  regarding an unidentified "negotiable instrument" would not state claims for relief.

17            **A. Violation of state consumer protection law**

18       The proposed amended complaint indicated Watson wished to pursue a claim for

19  "violation of state consumer protection laws." The court has been unable to locate any

20  "state consumer protection law" that might be implicated by Financial Center refusing

21  Watson's "negotiable instrument." Therefore, it would be futile to grant leave to amend

22  this claim.

23            **B. UCC § 3-104;**

24       The proposed amended complaint referenced § 3-104 of the Uniform Commercial

25  Code. Watson cannot pursue a claim under the UCC because that is merely a "collection

26  of proposed model laws, drafted by the American Law Institute and the National

27  Conference of Commissioners on Uniform State Laws, that are meant to serve as a guide

28  for state legislatures when they draft statutes involving commercial contracts and related

dealings." *Lamb v. Smith & Wamsley, PLLC*, No. CV-24-024-TUC-CKJ, 2024 WL 2133234, at *5 (D. Ariz. May 13, 2024) (quotation marks and citation omitted). In Arizona, the section of the UCC cited by Watson is codified at A.R.S. § 47-3104. But that statute merely provides definitions for "negotiable instrument," "check," and other terms. It is not plausible that Financial Center violated this statute in a way Watson can enforce, nor is there any other obvious basis under Arizona's version of the UCC by which Watson could assert a valid claim involving his "negotiable instrument."

### C. 15 U.S.C. §§ 6801, 6802

The proposed amended complaint listed 15 U.S.C. § 6801 and § 6802. Watson cannot sue under those provisions because "[n]o private right of action exists" for violations of those statutes. *Dunmire v. Morgan Stanley DW, Inc.*, 475 F.3d 956, 960 (8th Cir. 2007).

### D. 15 U.S.C. §§ 1601, 1602, 1605, 1615

The proposed amended complaint invoked four provisions of the Truth in Lending Act ("TILA"): 15 U.S.C. §§ 1601, 1602, 1605, 1615. A private party such as Watson can pursue a claim under TILA. *See* 15 U.S.C. § 1640 (TILA's civil liability provision). In general, "[t]he purpose of the TILA is to promote the informed use of credit by consumers" and "TILA's requirements principally focus on disclosures that creditors must make when offering credit." *Lyon v. Chase Bank USA, N.A.*, 656 F.3d 877, 887 (9th Cir. 2011). But Watson is not complaining regarding disclosures. Instead, Watson bases his TILA claim on Financial Center refusing to accept a "negotiable instrument." There are no additional factual allegations that would render that a plausible basis for a TILA claim.

### E. Breach of confidentiality and "Non-acceptance"

The proposed amended complaint indicated Watson was attempting to pursue claims for "breach of confidentiality" and "non-acceptance." There is no explanation how refusing a "negotiable instrument" could constitute a breach of confidentiality, nor is there a recognized cause of action for "non-acceptance." No plausible amendments could save these two claims.

**F.  Breach of contract**

The proposed amended complaint indicated Watson wished to pursue a claim for breach of contract. To do so, Watson needed to allege facts establishing the existence of a contract, how that contract was breached, and the damages he suffered. *Thomas v. Montelucia Villas, LLC*, 302 P.3d 617, 621 (Ariz. 2013) (recognizing elements of breach-of-contract claim). But even assuming Watson and Financial Center had a contractual relationship, Watson did not allege that relationship required Financial Center accept the unidentified "negotiable instrument" and it is not plausible Watson would be able to allege such facts were he granted leave to amend.

**III.    Summary**

Neither Watson's original complaint nor his proposed amended complaint state claims for relief. Leave to amend is denied because Watson cannot allege additional facts consistent with his two prior complaints that would cure the deficiencies.

Accordingly,

**IT IS ORDERED** the Motion to Dismiss (Doc. 5) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** the Motions to Amend (Doc. 22, 24) are **DENIED**.

**IT IS FURTHER ORDERED** the complaint is **DISMISSED WITHOUT LEAVE TO AMEND**. The Clerk of Court is directed to enter a judgment of dismissal without prejudice and close this case.

Dated this 1st day of October, 2024.

**Honorable Krissa M. Lanham**
**United States District Judge**